IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James C. Shaw, Jr., :

    Plaintiff, :

    v. : Case No. 2:07-cv-717

Total Image Specialists, : JUDGE GRAHAM
    et al.,

    Defendants. :

ORDER

    This case is before the Court to consider the motion filed by defendant Dennis Kaufman for a protective order staying discovery until the Court rules on his motion for judgment on the pleadings. He asserts that it is so clear that the claims against him are time-barred that it would be wasteful to require him to engage in discovery. Plaintiff James C. Shaw, Jr., opposes the motion. For the following reasons, the motion will be denied.

    The motion for a protective order is not complicated. As Mr. Kaufman notes, Mr. Shaw claims that he was wrongfully discharged from employment by Total Image Specialists in April, 2006. He filed suit in 2007, asserting a claim under the Family Medical Leave Act. Mr. Kaufman was added as an individual defendant in June, 2009. The longest limitations period available under the FMLA is three years. Therefore, according to Mr. Kaufman, the claim is time-barred, and because the Court will presumably reach that conclusion once it considers the merits of his motion for judgment on the pleadings, he should not have to engage in discovery that will turn out to be totally unnecessary.

    Mr. Shaw's response is brief. He contends that the theory against Mr. Kaufman is that he is a successor in interest to

Total Image Specialists.  If that were so, he would simply succeed to its liabilities, and because the company was timely sued, the suit against Mr. Kaufman is not time-barred.  However, he has also expressed a willingness to refrain from conducting any discovery other than the interrogatories and document requests already served, which, he asserts, should not be burdensome to answer.  Mr. Kaufman has replied to the motion for judgment on the pleadings, arguing that the successor in interest argument has no basis in either fact or law, but he has not filed a reply brief in support of his motion for a protective order.

As this Court observed in <u>Roth v. President and Bd. of Trustees of Ohio University</u>, 2009 WL 2579388 (S.D.Ohio 2009),

> A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. <u>Chrysler Corp. v. Fedders Corp.</u>, 643 F.2d 1229 (6th Cir.1981). In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. <u>Marrese v. American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir.1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. *Id.*
>
> However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6). As one court has observed,
>
> "The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6)

would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case."

*Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D.Nev.1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery ...."). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

Here, although the statute of limitations argument is fairly straightforward, the successor in interest argument raised by Mr. Shaw is somewhat more nuanced. Without deciding whether it may ultimately prevail, it does present an additional issue for the Court to consider. Further, Mr. Kaufman has not contested the assertion that the written discovery already served - which may go to the factual basis of the successor in interest claim - is not burdensome to answer. In these types of cases, when the Court does not grant a complete stay of discovery, it often

encourages the parties to go slowly with discovery so that if the dispositive motion is granted there will be some saving of the parties' resources. It appears that Mr. Shaw is amenable to that approach. Consequently, the Court will deny the motion for a protective order, but will hold Mr. Shaw to his representation that he will forego any discovery beyond what has already been served. Mr. Kaufman will be directed to respond to that discovery within fourteen days.

For the foregoing reasons, the motion of defendant Dennis Kaufman for a protective order (#62) is denied. Mr. Kaufman shall respond to the written discovery already served on him within fourteen days. However, he shall have no obligation to participate in any additional discovery until after the Court rules on his motion for judgment on the pleadings.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge