IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James C. Shaw, Jr.,

    Plaintiff,

    v.                      Case No. 2:07-cv-717

Total Image Specialists,
Inc., dba Vacuform Industries,
et al.,

    Defendants.

OPINION AND ORDER

    In this action, plaintiff James C. Shaw, Jr., alleges that his employment with defendant Total Image Specialists, Inc., was wrongfully terminated in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq. The action was originally filed in the Court of Common Pleas of Franklin County, Ohio, on July 10, 2007, and was removed to this court on July 26, 2007. Plaintiff alleged that Total Image Specialists discharged him on April 12, 2006, for an accumulation of absence points. Plaintiff alleged that since those points included a four-day hospitalization for a serious health condition, a protected absence under the FMLA, his discharge violated 29 U.S.C. §2615(a). Complaint, Para. 2. The parties filed cross-motions for summary judgment which were denied by order filed on February 12, 2009. See Doc. No. 42.

    On May 5, 2009, counsel for Total Image Specialists filed a motion for leave to withdraw, stating that as of March 23, 2009, Total Image Specialists was no longer in business. Doc. No. 44. Counsel submitted the affidavit of Mark A. Lorenz, a vice president at Huntington National Bank, in support of this motion. Mr. Lorenz stated that the principal balance of loans Total Image Specialists

had obtained from the bank exceeded $6,750,000 as of August 1, 2007, and that Total Image Specialists surrendered virtually all of its assets and business premises to the bank and ceased ordinary business operations on March 23, 2009. The motion for leave to withdraw was granted on June 9, 2009.

On May 18, 2009, plaintiff filed a motion for leave to amend his complaint to join Dennis Kaufman, the former CEO and owner of Total Image Specialists, as an additional defendant. Doc. No. 48. In the motion to amend, plaintiff stated that Kaufman qualified as an "employer" under the FMLA, 29 U.S.C. §2611(4)(A)(ii)(I). The motion for leave to amend was granted on June 3, 2009. See Doc. No. 50. Plaintiff filed an amended complaint on June 7, 2009. See Doc. No. 52.

On November 9, 2009, plaintiff filed a motion to amend his complaint by joining Schorleaf, LLC, dba WD Schorleaf Eastern Division ("WD Schorleaf") and its parent company, WD Partners, as defendants. Doc. No. 69. The motion was based on a press release which indicated that Dennis Kaufman had accepted a position as co-president of WD Schorleaf in Columbus, Ohio, and that other former officers and employees of Total Image Specialists were also employed by WD Schorleaf. Plaintiff contended in his motion that WD Partners and WD Schorleaf were successors in interest to Total Image Specialists, and were thus "employers" under the FMLA, 29 U.S.C. §2611(4)(A)(ii)(II). The motion to amend was granted. See Doc. No. 71. Plaintiff filed a second amended complaint on January 14, 2010, in which he alleged that WD Partners, WD Schorleaf and Kaufman were successors in interest under §2611(4)(A)(ii)(II). See Doc. No. 74.

On October 14, 2009, defendant Kaufman filed a motion for

2

judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), arguing that the claim against him was barred by the applicable statute of limitations. This motion was granted by an opinion and order filed on March 5, 2010. See Doc. No. 80.

This matter is now before the court on the March 10, 2010, motion filed by WD Partners and WD Schorleaf (collectively "the defendants") to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Defendants argue that the second amended complaint fails to state a claim against them, and further that the claims are barred by the statute of limitations.

I. Standards for Rule 12(b)(6) Motion

This matter is before the court on the motion of defendant to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).

To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the

claimed right to relief above the speculative level," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. <u>Campbell v. PMI Food Equipment Group, Inc.</u>, 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. <u>Id</u>. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>. at 1950. Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). <u>Ibid</u>.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Ashcroft</u>, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); <u>Association of Cleveland Fire Fighters v. City of Cleveland, Ohio</u>, 502 F.3d 545, 548 (6th Cir. 2007).

A statute of limitations defense may be raised in a Rule 12(b)(6) motion. A motion to dismiss under Rule 12(b)(6) on

4

statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003).

In evaluating a motion to dismiss, a court generally is limited to the complaint and exhibits attached thereto. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). While the analysis "primarily focuses on the complaint, 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint ... may be taken into account.'" Doe v. SexSearch.Com, 551 F.3d 412, 416 (6th Cir. 2008)(quoting Amini, 259 F.3d at 502).

## II. FMLA Provisions

With regard to the exercise of rights, the FMLA provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. §2615(a)(1). The FMLA further provides: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. §2615(a)(2).

In relevant part, the term "employer" as used in the FMLA

> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes—
> \* \* \*

(II) any successor in interest of an employer;...

29 U.S.C. §2611(4)(A)(i) and (ii)(II).

The term "eligible employee" does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. §2611(2)(B)(ii). Thus, an employer must not only employ at least 50 employees, see §2611(4)(A)(I), but also must employ at least 50 employees within 75 miles of the eligible employee's (FMLA plaintiff's) worksite to fall within the scope of the FMLA. See Minard v. ITC Deltacom Communications, Inc., 447 F.3d 352, 356-57 (5th Cir. 2006); Taylor v. Texaco, Inc., 510 F.Supp.2d 1255, 1264 (N.D.Ga. 2007).

Plaintiff alleges that defendants are liable as successors in interest of Total Image Specialists. The FMLA imposes liability on a "successor in interest of an employer" under 29 U.S.C. §2611(4)(A)(ii)(II). Successor in interest liability under the FMLA derives from labor law. Cobb v. Contract Transport, Inc., 452 F.3d 543, 551 (6th Cir. 2006)(noting that labor cases "apply an equitable, policy driven approach to successor liability that has very little connection to the concept of successor liability in corporate law."). "Successor liability is imposed in labor law if the court determines that it would be equitable to impose such liability considering 1) the defendant's interest, 2) the plaintiff's interest, and 3) federal policy embodied in the relevant statutes in light of the particular facts of the case and the particular duty at issue." Id. at 552.

In applying the three-prong balancing test, courts consider factors such as: 1) whether the successor company has notice of the

6

charge; 2) the ability of the predecessor to provide relief; 2) whether the new employer uses the same plant; 4) whether there has been substantial continuity of business operations; 5) whether the new employer uses the same or substantially same workforce; 6) whether the new employer uses the same or substantially the same supervisory personnel; 7) whether the same jobs exist under substantially the same working conditions; 8) whether the successor company uses the same machinery, equipment and methods of production; and 9) whether the successor company produces the same product. Id. at 554; see also 29 C.F.R. §825.107; Grace v. USCAR, 521 F.3d 655, 671 (6th Cir. 2008).

To be liable as a successor in interest, the successor must also meet the requirements of employing 50 or more employees within 75 miles of the plaintiff's place of employment. See Taylor, 510 F.Supp.2d at 1265 (plaintiff must prove that alleged successor in interest employed 50 or more employees within plaintiff's workplace).

III. Rule 12(b) Motion

A. Sufficiency of the Amended Complaint

The allegations in plaintiff's second amended complaint concerning defendants WD Schorleaf and WD Partners fail to satisfy the standards applicable to a Rule 12(b)(6) motion. Plaintiff has failed to include factual allegations in the second amended complaint which are sufficient to allege that defendants qualify as successors in interest to Total Image Specialists, a necessary element of plaintiff's theory of liability. In his second amended complaint, plaintiff alleged, "WD Partners/Schorleaf, LLC manufactures signs with the same management as TI[S] and is a

7

successor[] to TIS as provided in FMLA 29 USC §2611(4)(A)(i)(ii)(II)." Second Amended Complaint, Para. 1. This allegation basically cites the statutory definition and states a legal conclusion. Even the allegation that defendants manufacture signs is not sufficient to allege that defendants are engaged in the same type of business as Total Image Specialists because none of the complaints filed in this case contain any description of the type of business in which Total Image Specialists engaged. The only factual allegation which is potentially relevant is the conclusory allegation that defendants do business with the same management as Total Image Specialists. The second amended complaint also does not allege that the defendants currently employ 50 or more employees, a substantive element of plaintiff's claim for relief. See Minard, 447 F.3d at 356-57. The second amended complaint is insufficient to state a claim under the FMLA.

In his motions to join defendants (Doc. Nos. 48 and 69) and in his memorandum contra defendants' motion to dismiss (Doc. No. 83), plaintiff makes additional statements concerning the nature of the businesses, and relies upon a press release which describes the business activities of the defendants and identifies the management and certain customers of WD Schorleaf who, plaintiff alleges, were also management and customers of Total Image Specialists. This information might be relevant in ruling on a motion to amend the complaint. However, granting leave to amend the complaint to include additional factual allegations would serve no purpose if the claims are barred in any event by the statute of limitations. See Fisher v. Roberts, 125 F.3d 974, 977 (6th Cir. 1997)(leave to amend need not be granted if the amendment would be futile). Therefore, the court will address the other branch of defendants'

8

motion to dismiss.

B. Limitations Defense

The FMLA provides that an action to recover damages or equitable relief "may be maintained against any employer" in any state or federal court of competent jurisdiction. 29 U.S.C. §2617(a)(2). By definition, the term "employer" includes "any successor in interest of an employer." 29 U.S.C. §2611(4)(A)(ii)(II). Section 2617 further provides, "Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought[.]" 29 U.S.C. §2617(c)(1).

Paragraph (2) provides that in the case of a willful violation, "such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. §2617(c)(2). The complaints filed in this action contain no allegations of willfulness. See Ricco v. Potter, 377 F.3d 599, 602 (6th Cir. 2004)("An employer commits a willful violation of the FMLA when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements[.]") However, even assuming that the three-year rather than the two-year limitations period applies in this case, the second amended complaint was filed outside the limitations period.

The complaints in the instant case state that the only alleged FMLA violation, the termination of plaintiff's employment, occurred on or about April 12, 2006. The original complaint against Total Image Specialists was timely filed on July 10, 2007. The second

9

amended complaint, which added WD Partners and WD Schorleaf as defendants, was filed on January 14, 2010, almost four years after the alleged violation.

Plaintiff argues that his claim did not accrue, and the limitations period did not begin to run, until the defendants began operating their business in Columbus, allegedly at some undisclosed point in 2009, and therefore the amended complaint filed on January 14, 2010, was timely. That argument is not supported by the language of the relevant statutory provisions. Even assuming a willful violation, §2617 clearly requires that an action "maintained against any employer" be filed "within 3 years of the date of the last event constituting the alleged violation for which such action is brought[.]" §2617(a)(2) and (c)(2). Since the term "any employer" against whom an action may be maintained under §2617 includes, by definition, a "successor in interest of an employer," see §2611(4)(A)(ii)(II), §2617 requires that the limitations periods described in §2617(c) be applied to alleged successor-in-interest employers such as the defendants. In this case, the last event constituting the alleged violation was plaintiff's termination on April 12, 2006. The limitations period runs from this date, not the date on which the successor in interest commences business operations.

Defendants argue, and this court agrees, that the late filing is not saved by the relation-back provisions of Fed.R.Civ.P. 15(c). Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows the relation back;
>
> (B) the amendment asserts a claim or defense that arose

>     out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
>     (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>     (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

The FMLA statute does not specifically allow relation back. Although the amended complaint arises out of the same transaction or occurrence as the original complaint, the more specific provisions of Rule 15(c)(1)(C) apply because the second amended complaint purports to change the name of the party against whom the action is brought. See Szabo v. CSX Transportation, Inc., 1 Fed.App'x 277, 279 (6th Cir. Jan. 4, 2001); Finnerty v. Wireless Retail, Inc., 624 F.Supp.2d 642, 652-53 (E.D.Mich. 2009)(Rule 15(c)(1)(C) applied to amended complaint which added previously unnamed employer in FMLA case).

Rule 15(c)(1)(C) requires that defendants must have received notice of the action within 120 days of the filing of the original complaint, and that they knew or should have known that the action should have been brought against them but for a mistake concerning their identity. Finnerty, 624 F.Supp.2d at 653. This is unlikely, since the registration documents filed by Schorleaff LLC with the Ohio Secretary of State, submitted by plaintiff with his first motion to join, see Doc. No. 48, Ex. A, are dated May 16, 2008,

over ten months after the filing of the original complaint. However, even assuming that defendants had notice of the instant action within 120 days of its filing, the naming of Total Image Specialists as a defendant in the original complaint was not the result of a mistake as to the name and identity of the proper party.  Total Image Specialists, plaintiff's former employer, is a proper party to his FMLA action.

The Sixth Circuit has held that Rule 15(c)(1)(C) "allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired."  See Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996)(under Rule 15(c), "amendments will not survive preclusive application of the statute of limitations unless the amendments are corrections of misnomers."); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996)("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement[.]"); In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1450 (6th Cir. 1991)(Rule 15(c) "allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired."); Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973)(holding that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.").

The Sixth Circuit has also held that a plaintiff's alleged lack of knowledge pertaining to a proposed defendant's identity does not constitute a "mistake concerning the party's identity" within the meaning of Rule 15(c). See Moore v. Tennessee, 267

12

Fed.App'x 450, 455-56 (6th Cir. March 3, 2008)(plaintiff's proposed amendment of complaint which identified and named sheriff's deputies previously referred to as unknown in the original complaint did not relate back to original complaint); Cox, 75 F.3d at 240 (substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties); Doe v. Sullivan County, Tenn., 956 F.2d 545, 552 (6th Cir. 1992)(although proposed new parties could be expected to have known of the instant suit, "this alone is insufficient to impute to them knowledge of their future status as defendants."); see also Finnerty, 624 F.Supp.2d at 654-56 (FMLA plaintiff's lack of knowledge of identity of purchaser of assets of out-of-business employer not the type of "mistake" that would permit amendment of complaint to add purchaser of assets as a successor in interest defendant after limitations period had run).

Plaintiff's failure to name the defendants in the original complaint was not the result of "a mistake" within the meaning of Rule 15(c). Therefore, Rule 15(c) will not permit the relation back of the second amended complaint to the filing of the original complaint, and plaintiff's claims against WD Partners and WD Schorleaf are barred by the statute of limitations. See Finnerty, 624 F.Supp.2d at 651-56 (finding that plaintiff's claim against the alleged successor in interest and purchaser of her defunct employer's assets was barred by the statute of limitations, and that Rule 15(c) did not permit relation back of her amended complaint even though plaintiff was not aware of the purchase of assets until after the statute of limitations had run.)

IV. Conclusion

13

In accordance with the foregoing, the motion to dismiss (Doc. No. 82) is granted.  The clerk shall enter judgment in favor of defendants WD Partners and WD Schorleaf and against plaintiff on plaintiff's claims.

Date: April 1, 2010            s/James L. Graham
                                        James L. Graham
                                        United States District Judge