```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James C. Shaw, Jr.,

    Plaintiff,

    v.                          Case No. 2:07-cv-717

Total Image Specialists, Inc.,

    Defendant.

<u>ORDER</u>

    On April 27, 2010, plaintiff James C. Shaw, Jr., filed a motion for judgment against defendant Total Image Specialists, Inc. By order filed on May 3, 2010, this court indicated that it would construe the motion as one for summary judgment, and ordered that the defendant respond to the motion within twenty-eight days. The clerk mailed the order to the last known address for defendant and to defendant's former counsel. The time for response has run, and no response has been filed by the defendant. The court will proceed to rule on plaintiff's motion.

    The procedure for granting summary judgment is found in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact

is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

    Plaintiff asserts a claim against defendant under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq. Plaintiff was employed by defendant as an operator.  After being laid off during a labor dispute, plaintiff was recalled to work on August 15, 2005, and he continued to work for defendant until his termination on April 12, 2006.  Defendant had an attendance policy whereby an employee was assessed attendance points for each absence accumulated during a rolling twelve-month period.  Each associate was given two-and-a-half free points per calendar year, and was subject to termination after accumulating nine points.  Defendant terminated plaintiff on April 12, 2006, for accumulating nine points during the period from April 8, 2005, through April 7, 2006. Plaintiff contends that defendant unlawfully counted as one point a period of time that he was in the hospital in February, 2006, which qualified as FMLA leave.

    The FMLA guarantees eligible employees twelve weeks of leave for "a serious health condition that makes the employee unable to perform the functions of the [employee's] position." 29 U.S.C. §2612)(a)(1)(D).  In order to be "eligible," an employee must show that he worked 1,250 hours during the twelve-month period

2

immediately preceding the date the leave is taken.  29 U.S.C. §2611(2)(A)(ii); <u>Humenny v. Genex Corp.</u>, 390 F.3d 901, 906 (6th Cir. 2004).  To determine if an employee has worked the requisite number of hours, courts examine the principles for calculating hours of service established under the Fair Labor Standards Act ("FLSA").  29 U.S.C. §2611(2)(C).  Any accurate accounting under the FLSA's principles may be used, but if the employer does not maintain an accurate record of hours worked by an employee, the employer has the burden of showing that the employee has not worked the requisite number of hours.  <u>Staunch v. Cont'l Airlines, Inc.</u>, 511 F.3d 625, 630 (6th Cir. 2008); 29 C.F.R. § 825.110(c).

Since plaintiff's hospitalization began on February 13, 2006, the twelve-month period must be measured backwards from February 12, 2006, to February 13, 2005.  In a previous opinion and order (Doc. No. 42) filed on February 12, 2009, this court addressed the parties' cross-motions for summary judgment on the issue of the number of hours plaintiff had worked during that period.  Defendant admitted that plaintiff had worked 1,244.5 hours, but then argued that its own time cards were inaccurate for the dates of January 27, 2006, and January 29, 2006, and that they reflected ten more hours than plaintiff actually worked, bringing the total down to 1,234.5 hours.  <u>See</u> Doc. No. 42, p. 6.  However, this court expressed concern over the fact that the payroll report, referred to as an "ADP report," also failed to reflect entirely the weeks of January 6, 2006, and January 20, 2006.  <u>See</u> Doc. No. 42, p. 7.  The parties also disputed whether plaintiff had worked eleven hours on December 23, 2005.  <u>See</u> Doc. No. 42, p. 8.  Noting these discrepancies, this court concluded that genuine issues of fact existed which precluded summary judgment.

Plaintiff has submitted another affidavit in support of the instant motion for summary judgment.  Plaintiff stated that the calculation of plaintiff's hours by Dennis Kaufman did not include 3.75 hours noted on the time card for the week ending October 30, 2005.  The notation indicates that these hours were omitted from the time card for the week ending October 23, 2005.  Plaintiff also claims that he worked fifty-one hours the week of ending December 25, 2005.  Defendant contended that plaintiff did not work that week but was given holiday pay.  The time card for that week contains notations indicating holiday pay for forty hours.  However, it also indicates that an additional eleven hours were awarded to correct a payroll error.  While it would make sense to credit an employee with forty hours of holiday pay for the week of Christmas when no work was performed, holiday pay would not explain the extra eleven hours.  Defendant has produced no evidence that the extra eleven hours was also holiday pay, while plaintiff states in his affidavit that he actually worked eleven hours on December 23, 2005.  These additional 14.75 hours would bring the total number of hours worked up to 1259.25, which is more than the 1250 hours required to be an eligible employee under the FMLA.

Defendant has failed to show that it maintained accurate records, and has not met its burden of showing that it could establish that plaintiff did not work the requisite number of hours.  In light of the additional evidence submitted by plaintiff, to which defendant has failed to respond, the record demonstrates that plaintiff worked sufficient hours to qualify as an eligible employee under the FMLA, and no genuine issue of material fact has been demonstrated in that regard.

Plaintiff has produced undisputed evidence that he was

hospitalized in February, 2006.  This hospitalization qualified for protection under the FMLA, and plaintiff should not have been assessed a point for this absence.  Plaintiff's termination, which rested on this point, was therefore in violation of the FMLA, and plaintiff is entitled to summary judgment on his FMLA claim.

Plaintiff has calculated his damages based on the amount in wages he should have received from defendant from the time of his termination until the date on which defendant ceased doing business, less wages he received from his new employer during that same period.  This yields a figure of $23,823.00.  Plaintiff also asserts that he is entitled to an amount equal to that figure as liquidated damages pursuant to 29 U.S.C. §2617(a)(iii).  Liquidated damages may be awarded unless the employer proves to the satisfaction of the court that the FMLA violation was in good faith and that the employee had reasonable grounds for believing that the act or omission was not an FMLA violation.  See 29 U.S.C. §2617(a)(iii).  Since defendant has made no such showing in this case, plaintiff is also entitled to liquidated damages in the amount of $23,823.00, bringing the total amount of damages to $47,646.00.

In accordance with the foregoing, plaintiff's motion for summary judgment (Doc. No. 93) is granted.  The clerk shall enter judgment in favor of plaintiff against defendant Total Image Specialists, Inc., in the amount of $47,646.00.

Date: June 14, 2010              s/James L. Graham
                                           James L. Graham
                                           United States District Judge